# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )    Criminal No. 2:13-cr-94-DBH |
| | ) |
| JOSE VELAZQUEZ, | ) |
|       Defendant | ) |

## PROCEDURAL ORDER

The Clerk shall schedule a conference of counsel prior to sentencing in this matter. I have two issues of concern.

1. What does the plea agreement mean in limiting the parties' sentencing recommendations to the top or bottom of the guideline range "determined by the pre-sentence report" (¶ 3) or "determined to be applicable in the pre-sentence report" (¶ 4), if the court finds a guideline range different from the presentence report?. Does that mean the Probation Officer's conclusion, rather than the court's, governs what the parties can argue at sentencing?

2. The government has argued for an extra criminal history point under PSR ¶ 31 on the basis that a previous conviction for Maine gross sexual assault referred to in that paragraph was a crime of violence. The government cites United States v. Eirby, 515 F.3d 31, 37-9 (1st Cir. 2008), to support its position. After Eirby, however, the Supreme Court decided Begay v. United States, 553 U.S. 137 (2008); Chalmers v. United States, 555 U.S. 122 (2009); Sykes v. United States, 131 S. Ct. 2267 (2011); and Johnson v. United States, 559 U.S. 133 (2010), dealing with the meaning of crime of violence. There

seem to be no pertinent First Circuit decisions since then, but the weight of authority from other circuits is that statutory rape convictions no longer satisfy the crime of violence definition. United States v. Harris, 608 F.3d 1222, 1233 (11th Cir. 2010); United States v. McDonald, 592 F.3d 808, 813-15 (7th Cir. 2010); United States v. Evans, 378 Fed. Appx. 485 (6th Cir. 2010); United States v. Christensen, 559 F.3d 1092, 1093-94 (9th Cir. 2009); United States v. Thornton, 554 F.3d 443, 444, 449 (4th Cir. 2009); but see United States v. Daye, 571 F.3d 225, 233-34 (2d Cir. 2009). The Law Court seems to consider this Maine statute a statutory rape statute, State v. Keaten, 390 A.2d 1043 (Me. 1978); State v. Worrey, 322 A.2d 73 (Me. 1974), and for the Maine conviction of gross sexual assault, the Law Court also seems to hold that no proof of mental culpability is required, and that force and consent are by definition not in issue. State v. Taplin, 489 A.2d 1107 (Me. 1985); State v. Pierce, 438 A.2d 247 (Me. 1981); State v. Keaten, 390 A.2d 1043 (Me. 1978). Can the Maine conviction therefore be treated as categorically a crime of violence under current Supreme Court holdings? If not, do the documents that Shepard v. United States, 544 U.S. 13 (2005), permits a court to consult show that the conviction here was for a crime of violence?

The parties' legal memoranda have not addressed these issues.

**SO ORDERED.**

**DATED THIS 24TH DAY OF JANUARY, 2014**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**